UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS DRUMM,

    Plaintiff,

v.

CDCR, et al.,

    Defendants.

No. 2: 18-cv-2854 KJN P

ORDER

    Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1 | the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
2 | § 1915(b)(2).
3 |      The court is required to screen complaints brought by prisoners seeking relief against a
4 | governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
5 | court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6 | "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7 | monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
8 |      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9 | Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 | Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
11 | indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
12 | 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
13 | pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 | Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
15 | 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
16 | meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
17 | 1227.
18 |      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
19 | statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20 | defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
21 | Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
22 | In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
23 | formulaic recitation of the elements of a cause of action;" it must contain factual allegations
24 | sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific
25 | facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
26 | the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93
27 | (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).
28 | In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are the California Department of Corrections and Rehabilitation ("CDCR") and the Shasta County Jail. Plaintiff alleges that he received inadequate medical care at the Shasta County Jail when he was housed there. Plaintiff alleges that he currently receives inadequate medical care at High Desert State Prison ("HDSP"). As relief, plaintiff seeks an order directing defendants to provide him with adequate medical care. In other words, plaintiff seeks injunctive relief only.

Because plaintiff is housed at HDSP, only HDSP prison officials are capable of responding to an order regarding injunctive relief. For this reason, the undersigned finds that defendant Shasta County Jail is not a properly named defendant. Plaintiff should not name Shasta County Jail as a defendant in an amended complaint.

For the reasons stated herein, plaintiff's claims against defendant CDCR are barred by the Eleventh Amendment. The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." Pennhurst, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983.

Defendant CDCR and its correctional facilities are state agencies that are immune from civil rights claims raised pursuant to § 1983. See Pennhurst, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections). Accordingly, plaintiff's claims against defendant CDCR are

dismissed because they are barred by the Eleventh Amendment. Plaintiff should not name CDCR as a defendant in an amended complaint.

If plaintiff files an amended complaint, he may name as defendants those prison officials responsible for the alleged deprivations. The amended complaint must also include a description of defendants' conduct which allegedly violated plaintiff's Eighth Amendment right to adequate medical care.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 19, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dr2854.14

| | |
|---|---|
| THOMAS DRUMM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | No. 2: 18-cv-2854 KJM P<br><br>NOTICE OF AMENDMENT |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Plaintiff