UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DRUMM,<br><br>   Plaintiff,<br><br>   v.<br><br>CDCR, et al.,<br><br>   Defendants. | No. 2: 18-cv-2854 KJM KJN P<br><br>ORDER |

On February 14, 2019, the undersigned recommended that this action be dismissed based on plaintiff's failure to file an amended complaint in compliance with the January 4, 2019 order. (ECF No. 14.) On March 11, 2019, plaintiff filed an amended complaint. (ECF No. 15.) Good cause appearing, the February 14, 2019 findings and recommendations are vacated. The undersigned herein screens the amended complaint filed March 11, 2019.

The only named defendant is the California Institution for Men ("CIM"). Plaintiff alleges that he has pain in his left knee that his medical team will not fix. As relief, plaintiff requests that the court order prison officials to fix his left knee.

For the reasons stated herein, plaintiff's claims against defendant CIM are barred by the Eleventh Amendment. The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. Pennhurst State School & Hosp. v. Halderman,

1

465 U.S. 89, 99-100 (1984).  To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed."  Pennhurst, 465 U.S. at 99.  While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court.  See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988).  Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983.

Defendant CIM is a state agency that is immune from civil rights claims raised pursuant to § 1983.  See Pennhurst, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections).  Accordingly, plaintiff's claims against defendant CIM are dismissed because they are barred by the Eleventh Amendment.  Plaintiff should not name CIM as a defendant in a second amended complaint.

If plaintiff files a second amended complaint, he may name as defendants the members of his medical team who allegedly denied his requests for treatment for his left knee.  Plaintiff must describe how and when the team members, named as defendants, denied his requests for treatment.

Accordingly, IT IS HEREBY ORDERED that:

1. The February 14, 2019 findings and recommendations (ECF No. 14) are vacated;

2. The first amended complaint is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action;

3. The Clerk of the Court is directed to update court records to reflect plaintiff's new address at the California Institution for Men in Chino, California (see ECF No. 15).

Dated:  March 20, 2019

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

Drumm2854.fac

2